UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY B. ANDERSON,

                  Petitioner,

v.

JOHN CHRISTIANSEN,

                  Respondent.

_____/

Case No. 1:24-cv-118

Honorable Ray Kent

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

## Discussion

### I.   Factual Allegations

Petitioner Anthony B. Anderson is incarcerated with the Michigan Department of Corrections at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. He comes to this Court after pleading guilty in the Berrien County Circuit Court to one count of assault with intent to do great bodily harm less than murder (AGBH), in violation of Mich. Comp. Laws § 750.84, and one count of commission of a felony while possessing a firearm (felony firearm), in violation of Mich. Comp. Laws § 750.227BA. (Pet., ECF No. 8, PageID.22.) The Berrien County Circuit Court sentenced Petitioner as a third habitual offender to a prison term of 8 to 20 years for the AGBH conviction and 2 years for the felony firearm conviction. (*Id.*)

On February 25, 2023, Petitioner, through appointed counsel, filed an application for leave to appeal to the Michigan Court of Appeals. (ECF No. 8-1, PageID.39–48.) On April 6, 2023, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented. (*Id.*, PageID.38.) Petitioner did not appeal to the Michigan Supreme Court. (ECF No. 8, PageID.23.)

On January 31, 2024, Petitioner filed a pleading titled "motion to stay in abeyance." (ECF No. 1.) The Court directed Petitioner to file an amended pleading on the proper form. (ECF No. 7.) On April 23, 2024, Petitioner filed the instant petition for writ of habeas corpus raising the following grounds for relief:

3

I.      My right to due process was violated when I was ineffectively represented during the negotiation process of my plea agreement.

II.     Denied the right to meaningful allocution by failing to ascertain the cause of my criminal character or conduct.

III.    Trial [court] abused my due process rights when it failed to produce sufficient probable cause that I committed a crime at the preliminary stages.

IV.     Ineffective assistance of counsel at prelim[inary] and plea-agreement stages.

(ECF No. 8, PageID.26, 28, 29, 31.)

**II.     Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised only his second ground for habeas relief in his direct appeal to the Michigan Court of Appeals. (ECF No. 8, PageID.28.) He claims that he did not appeal the decision of the Court of Appeals to the Michigan Supreme Court because he is illiterate and

4

lacked knowledge of the timelines and requirement. (*Id.*, PageID.26.) Petitioner acknowledges that he did not raise any of his other grounds for habeas relief on direct appeal.

Petitioner's own allegations make clear that Petitioner failed to fairly present and exhaust his habeas grounds for relief. Nonetheless, a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2). Accordingly, the Court will consider the merits of Petitioner's claims.

### III.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not

consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

6

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## IV.    Discussion

### A.    Grounds I and IV: Ineffective Assistance of Counsel

In ground I, Petitioner contends that he was denied due process when he was "ineffectively represented during the negotiation process of [his] plea agreement." (ECF No. 8, PageID.26.) Petitioner also contends, in ground IV, that counsel was ineffective during both the preliminary examination and plea-agreement phases. (*Id.*, PageID.31.) In *Strickland v. Washington*, 466 U.S.

668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. State of La.*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

1.      **Investigation of Self-Defense and Failure to Object to Probable Cause**

Here, Petitioner claims that appointed defense counsel did not perform a complete investigation into the evidence and witnesses that Petitioner believes would have supported a claim of self-defense. (ECF No. 8, PageID.26.) He also asserts that defense counsel failed to properly object to the finding of probable cause at the time of the preliminary examination. (*Id.*, PageID.31.) Petitioner's claims of ineffective assistance of counsel do not survive Petitioner's guilty plea.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

8

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.

Petitioner's arguments related to his trial counsel's failure to pursue what Petitioner believes was an available defense does not attack the voluntary or intelligent nature of Petitioner's plea, but instead relate to earlier alleged constitutional deprivations. The same is true for any alleged failure to object at the time of the preliminary examination. These claims have therefore been waived by Petitioner's subsequent guilty plea. *See United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (holding that pre-plea ineffective assistance of counsel claims are waived). Petitioner is not entitled to habeas relief on these arguments.

### 2.     Advice Regarding Possible Sentencing

Petitioner also asserts that trial counsel was ineffective for improperly informing Petitioner that he could receive a sentence of 49 years should he be convicted at trial. (ECF No. 8, PageID.31.) In general, an argument that trial counsel provided incorrect legal advice as to possible punishment and the strength of the case is cognizable on habeas review despite the entry of a guilty plea because having notice of the nature of the charge is essential to ensure a voluntary and intelligent plea. *See Tollett*, 411 U.S. at 266–67. However, while not waived, Petitioner's argument is meritless.

The question under *Strickland* is whether, under the circumstances, counsel's advice was "outside the wide range of professionally competent assistance," giving counsel's actions a "strong presumption" of reasonableness. *Strickland*, 466 U.S. at 689–90. Here, under the circumstances

that Petitioner describes, it was not unreasonable for defense counsel to inform Petitioner that he may be facing a sentence of 49 years in prison. A conviction of AGBH generally carries with it a maximum penalty of up to 10 years in prison. Mich. Comp. Laws § 750.84. However, when enhanced by Petitioner's status as a third habitual offender (ECF No. 8, PageID.22), a conviction for AGBH may carry with it a possible penalty of up to life in prison. Mich. Comp. Laws Ann. § 769.12. Thus, trial counsel's opinion that Petitioner could face a possible sentence of 49 years is critically important legal advice. *Williams v. United States*, 47 F. App'x 363, 370 (6th Cir. 2002); *see also United States v. Green*, 388 F.3d 918, 923 (6th Cir. 2004) ("[A]ccurate information regarding the possible ramifications of proceeding to trial cannot be construed as coercive."). Petitioner simply cannot demonstrate that defense counsel's performance with regard to Petitioner's possible sentence was professionally unreasonable. Therefore, Petitioner is not entitled to habeas relief on this argument.

### B.      Ground II: Denial of Right to Meaningful Allocution

In his second ground for habeas relief, Petitioner asserts that the Berrien County Circuit Court denied Petitioner the right to a "meaningful allocution" at the time of sentencing. (ECF No. 8, PageID.28.) Petitioner cites Michigan's "indeterminate sentencing act" as the source of this right. (*Id.*)

It is well-established that "a federal court may issue the writ to a state prisoner only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

10

There is no right to allocution under the federal constitution. *Hill v. United States*, 368 U.S. 424, 428 (1962) ("The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus."); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) ("There is no constitutional right to allocution under the United States Constitution."). Any failure of the trial court to abide by Michigan's "indeterminate sentencing acts" solely is a question of state law, not properly before this Court on habeas review. Accordingly, Petitioner is not entitled to habeas relief.

### C.     Ground III: Lack of Probable Cause

Lastly, Petitioner claims that he was denied due process because the trial court failed to ensure a finding of probable cause at the time of the preliminary examination. (ECF No. 8, PageID.29.) This claim is also not cognizable on habeas review.

Challenges to the propriety of initial proceedings in the state courts are not cognizable in federal habeas corpus proceedings because they do not undermine the validity of a conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Therefore, it is well-settled that a convicted defendant cannot upset a conviction on the argument that no probable cause was shown prior to conviction. *See United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986). Even the complete denial of a preliminary examination in the state system would not provide a basis for federal habeas corpus relief. *Dillard v. Bomar,* 342 F.2d 789, 790 (6th Cir.1965); *Scott v. Bock,* 241 F.Supp.2d 780, 793 (E.D. Mich. 2003). Therefore, Petitioner is not entitled to habeas relief on this claim.

### V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that ... jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, the Court does not certify that an appeal would not be taken in good faith.

## **CONCLUSION**

The Court will enter an order and judgment denying the petition because Petitioner has failed to raise a meritorious federal claim and denying a certificate of appealability.


Dated:   May 23, 2024                              /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge